EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
*Attorneys for Plaintiff*
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CIV    6346**

--------------------------------------------------------X

CNA INSURANCE COMPANY a/s/o
CORNING, INC.

07 Civ.

          Plaintiff,

**COMPLAINT**

-  against -

TRANSPORTATION RESOURCES INC. and
U.A. TRUCKING INC.

          Defendants.

--------------------------------------------------------X

RECEIVED
JUL 11 2007
U.S.D.C. S.D.N.Y.
CASHIERS

     Plaintiff, CNA Insurance Company, as the subrogated insurer of Corning, Inc., by

its attorneys, McDermott & Radzik, LLP, alleges upon information and belief as follows:

     FIRST:  This action arises from the carriage of goods in interstate commerce and

is governed by federal common law and federal statutes including the 1906 Carmack

Amendment to the Interstate Commerce Act of 1887, *see* Act of June 29, 1906 Ch. 5591,

34 Stat. 584 (1906) codified at 49 U.S.C. § 11706 and this court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

## THE PARTIES

SECOND:   At and during all the times hereinafter mentioned, Plaintiff, CNA Insurance Company ("CNA") was and now is a corporation organized under and by virtue of the laws of one of the States of the United States and has an office and place of business at 40 Wall Street, New York, New York.   CNA was the insurer of the cargo in question and is subrogated to the rights of the cargo owner, Corning, Inc., a New York corporation.

THIRD:   At and during all times hereinafter mentioned, defendant Transportation Resources, Inc. ("TRI") was and is a corporation organized and existing under and by virtue of the laws of the one of the States of the United States.   TRI regularly conducts and systematically transacts business in New York and elsewhere has a registered agent named Sherry McAlpin located at 5331 Maxima Cove W., Memphis, TN 38120.

FOURTH:   At and during all times hereinafter mentioned, defendant U.A. Trucking Inc. ("U.A. Trucking") was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States.   U.A. Trucking regularly conducts and systematically transacts business in New York and has an office and place of business located at 1312 Fairwood Drive, Utica, NY 13502.

## AS AND FOR A FIRST CAUSE OF ACTION (Breach of Contract)

FIFTH:   On or about July 14, 2006, at Erwin, New York, there was shipped by Corning, Inc. and delivered to Defendants as common carriers, a shipment consisting of drums of SunSensors Photochromic Monomer, said shipment then being in good order

2

and condition, Defendants then and there accepted said shipments in like good order and condition, and Defendants then and there accepted said shipments and agreed to transport and carry said shipments to Rancho Dominguez, California, and there deliver said shipments in good order and condition as when shipped, delivered to, and received by them to Corning's designated consignee, Island Star Distribution Centers, Inc.

SIXTH: Thereafter, Defendants failed to make delivery of the shipment in the same good order and condition as received. To the contrary, at destination plaintiff' shipment was noted to have suffered physical damage by reason of lack of refrigeration and careless handling while in the custody and control of Defendants in violation and breach of Defendants' duties as common carriers of merchandise for hire.

SEVENTH: Plaintiff has performed all conditions on its part to be performed.

EIGHTH: Plaintiff brings this action on its own behalf as the subrogated insurer of the shipments and as agent and trustee on behalf of, and for the interest of, all parties who may become interested in said shipments as their respective interests may appear, and Plaintiff is entitled to maintain this action.

NINTH: By reason of Defendants' breach of their duties as common carriers, Plaintiff has sustained monetary damages, as nearly as now can be estimated, no part of which has been paid, although duly demanded, in the aggregate amount of $571,340.00.

## AS AN FOR A SECOND CAUSE OF ACTION (Bailment)

TENTH:  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST through ELEVENTH" of this Complaint with the same force and effect as if fully set forth herein.

ELEVENTH:  On or about July 14, 2006, at Erwin, New York, Defendants received Corning's shipment of drums of SunSensors Photochromic Monomer, then being in good order and condition as bailees.

TWELFTH:  Thereafter, Defendants failed to preserve Corning's shipment and instead allowed said shipment to become damaged in breach of Defendants' contractual, common law, and/or implied in-fact duties and obligations as bailees.

THIRTEENTH:  By reason of these premises, plaintiff has sustained damages, as nearly as the same now be estimated, no part of which has been paid although duly demanded, in the amount of $571,340.00

## AS AND FOR A THIRD CAUSE OF ACTION (Negligence)

FOURTEENTH:  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST" through "FIFTEENTH" of this Complaint to the same force and effect as if more fully set forth herein.

FIFTEENTH:  The damage to Corning's shipment of drums of SunSensors Photochromic Monomer was directly attributable to the negligence, lack of care, and recklessness on the part of the Defendants.

4

SIXTEENTH:    By reason of defendants' negligence, lack of care, and recklessness, Plaintiff has suffered damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $571,340.00.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their assets and property within this District be attached in the sum of $664,670.88, with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4.    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:      New York, New York
            July 11, 2007

McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiff*

BY: _Edward C. Radzik_
EDWARD C. RADZIK (ER-2473)
Wall Street Plaza
88 Pine Street
New York, New York  10005-1801
(212) 376-6400
(FILE:  66-07-62 ECR)

5