Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Transportation Resources, Inc.
60 East 42nd Street, 46th Floor
New York, New York  10165
(212) 983-1466

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CNA INSURANCE COMPANY,<br>a/s/o CORNING, Inc.<br><br>                              Plaintiff<br><br>v.<br><br>TRANSPORTATION RESOURCES, INC. and U.A.<br>TRUCKING, INC.<br><br>                              Defendants. | ECF Case<br><br>07 CV 6346<br>(Judge Koeltl) |

**ANSWER AND AFFIRMATIVE DEFENSES**
**OF DEFENDANT TRANSPORTATION**
**<u>RESOURCES, INC. AND CROSS-CLAIMS</u>**

Defendant, Transportation Resources, Inc. ("TRI"), by its attorneys, Barry N. Gutterman & Associates, P.C., answering the Complaint, alleges upon information and belief as follows:

1. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

2. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

3. TRI admits the allegations contained in paragraph 3 of the Complaint.

4. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

5. TRI admits the allegation that there was as shipment of drums by Corning, Inc. on

or about July 14, 2006 at Erwin, New York, but denies that TRI acted as a common carrier, and denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

7. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

8. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

9. TRI denies the allegations contained in paragraph 9 of the Complaint.

10. TRI repeats and realleges its responses to paragraphs 1-9 of the Complaint as its response to paragraph 10.

11. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

12. TRI denies the allegations contained in paragraph 12 of the Complaint.

13. TRI denies the allegations contained in paragraph 13 of the Complaint.

14. TRI repeats and realleges its responses to paragraphs 1-13 of the Complaint as its response to paragraph 14.

15. TRI denies the allegations contained in paragraph 15 of the Complaint.

16. TRI denies the allegations contained in paragraph 16 of the Complaint.

**AS AND FOR A**
**FIRST AFFIRMATIVE DEFENSE**

17. TRI is not responsible for any damage to the shipment caused by the improper loading of plaintiff.

## AS AND FOR A
## SECOND AFFIRMATIVE DEFENSE

18. TRI has no liability to plaintiff as TRI acted only as property broker with regard to the shipment.

## AS AND FOR A
## THIRD AFFIRMATIVE DEFENSE

19. If the shipment referred to in the Complaint suffered any loss, damage, or delay, which is herein expressly denied, such loss, damage or delay was caused by parties over whom TRI had no control.

## AS AND FOR A
## FOURTH AFFIRMATIVE DEFENSE

20. To the extent that plaintiff failed to meet the minimum filing requirements of filing a proper written claim within the time prescribed, this lawsuit is time barred.

## AS AND FOR A
## FIFTH AFFIRMATIVE DEFENSE

21. To the extent that plaintiff failed to file suit within the period prescribed, this lawsuit is time barred.

## AS AND FOR A
## SIXTH AFFIRMATIVE DEFENSE

22. In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable tariffs and/or governing publications, the plaintiff may not recover in excess of such limitations.

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

23. The Complaint fails to state a claim against TRI upon which relief can be granted.

**CROSS-CLAIMS AGINAST CO-DEFENDANT U.A. TRUCKING, INC.**

TRI, as and for cross-claims against co-defendant U.A. Trucking, Inc. ("UA"), alleges as follows:

### FIRST COUNT

### (Contribution)

1. TRI, while denying liability, asserts that any liability, fault or negligence is that of co-defendant U.A. and that the liability of co-defendant is primary, thus giving rise to a duty on the part of said co-defendant to hold TRI harmless and to indemnify TRI from any loss herein and/or contribute to any judgment in favor of plaintiff.

### SECOND COUNT

### (Indemnification)

2. By reason of the contractual and/or legal relationship between TRI and co-defendant U.A., said co-defendant is obligated to defend, indemnify and save harmless TRI with respect to the matters alleged in the Complaint.

Wherefore, defendant Transportation Resources, Inc., hereby demands judgment:

(A) Dismissing the Complaint against it, with prejudice, together with attorneys fees and costs;

(B) For contribution and/or indemnification against co-defendant U.A. Trucking, Inc. for any and all sums that may be adjudged against Transportation Resources, Inc. in favor of plaintiff, together with attorneys fees and costs;

(C) For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 1, 2007

                      By:    /s/ <u>Barry N. Gutterman</u>
                             Barry N. Gutterman, Esq. (BG6410)
                             Robert Briere, Esq. (RB6080)
                             Barry N. Gutterman & Associates, P.C.
                             60 East 42nd Street, 46th Floor
                             New York, New York 10165
                             Phone: (212) 983-1466
                             Fax: (212) 983-1229

                             Attorneys for Defendant
                             Transportation Resources, Inc.

To:    Edward C. Radzik, Esq. (ER-2473)
        McDermott & Radzik, LLP
        Wall Street Plaza
        88 Pine Street – 21st Floor
        New York, New York 10005-1801
        (212) 376-6400

        Attorneys for Plaintiff


        Richard L. Furman, Esq.
        DeOrchis Wiener & Partners, LLP
        61 Broadway, Suite 2600
        New York, New York, 10006-2802
        Phone (212) 344-4700

        Attorneys for U.A. Trucking, Inc.

TR.2801.AAD