UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CNA INSURANCE COMPANY
A/S/O CORNING, INC.

                    Plaintiffs,

       -against-

TRANSPORTATION RESOURCES, INC.
AND U. A. TRUCKING, INC.


                    Defendants.

**Third Party
Complaint
07CV 6346**
(Judge Koeltl)

(Jury Trial
Demanded)

---

U. A. TRUCKING, INC.

                    Third Party Plaintiff,


       -against-


LINCOLN GENERAL INSURANCE COMPANY

                    Third Party Defendant.

---

    Defendant-Third Party Plaintiff, U. A. TRUCKING INC.,  by its attorneys,

PALMERI AND GAVEN, as  and for its third party complaint, alleges as follows:

    **FIRST**:    That at all times hereinafter mentioned, defendant-third party

plaintiff, U. A. Trucking, Inc.  was and continues to be a corporation organized and

existing under and by virtue of the laws of the State of New York.

    **SECOND**:    That at all times hereinafter mentioned third party defendant,

Lincoln General Insurance Company("Lincoln General") was and continues to be a corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:**    That at all times hereinafter mentioned third party defendant, Lincoln General is a foreign corporation licensed to conduct business in the State of New York.

**FOURTH:**    That at all times hereinafter mentioned third party defendant was and continues to be in the business of writing insurance policies for people and entities that reside and /or do business in the State of New York.

**FIFTH:**    That on or before 7-14-06 the third party defendant, Lincoln General, issued a policy of insurance to third party plaintiff, (Policy N. SPF 235070-0805), which policy would cover for risks of loss caused during the course of its business.

**SIXTH:**    That the policy, in particular, covered cargo losses that occurred while the third party plaintiff was in transit with goods and products that it contracted to haul.

**SEVENTH:**    That as a result of an alleged loss to products owned and shipped by Corning Inc, CNA Insurance Company as subrogee, instituted an action against defendant-third party plaintiff to recover the sums it was required to pay under its policy with Corning Inc.

**EIGHTH:**    Attached hereto and made a part hereof are the summons and complaint,(Exhibit A) the answer of defendant-third party plaintiff (Exhibit B) and the

answer of the co-defendant, Transportation Resources, Inc. (Exhibit C)

**NINTH**:    That due notice of CNA Insurance Company's /Corning Inc's claim was timely made to third party defendant.

**TENTH**:    That on April 12, 2007 Lincoln General disclaimed coverage.

**ELEVENTH**:    That the sole basis of the third party defendant's disclaimer is set forth herein:

> Because a claim is being presented for damages to the cargo that resulted from changes in temperature, and no documentation has been submitted to support that the changes in temperature were caused by a refrigeration breakdown or malfunction, no coverage would be provided under your Policy for this loss. We must, therefore, respectfully decline to make any payment to you or any other interested party for this loss. Our investigation was limited to coverage under your Policy, and did not examine whether you are legally liable for the loss.

**TWELFTH**:    That the policy of insurance requires that third party defendant afford coverage to its insured, third party plaintiff herein, for claims that are covered under the policy or through a fair interpretation of the pleadings which may be covered under the policy.

**THIRTEENTH**:    That the claims asserted by the plaintiff clearly come within the purview of the coverage afforded the third party plaintiff.

**FOURTEENTH**:    That at the least, the third party defendant was obligated to defend its insured and could have done so under a reservation of rights, reserving whatever rights it may have under the exclusions sets forth in the policy and as more fully set forth in paragraph Eleventh above.

## AS AND FOR A FIRST CAUSE OF ACTION

**FIFTEENTH**:    Defendant- third party plaintiff repeats, reiterates and realleges

each and every allegation contained in paragraphs FIRST through FOURTEENTH with the same force and effect as if the same were more fully set forth at length herein.

**SIXTEENTH**:    Third party defendant by its actions breached the terms and conditions of the policy of insurance issued to third party plaintiff.

**SEVENTEENTH**:  That third party defendant is required to pay all damages that may be awarded to plaintiff against third party plaintiff up to the limits of coverage, that is, $100,000.

## AS AND FOR A SECOND CAUSE OF ACTION

**EIGHTEENTH**:    Defendant- third party plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs FIRST through FOURTEENTH with the same force and effect as if the same were more fully set forth at length herein.

**NINETEENTH**:    That notwithstanding that third party defendant may not ultimately be liable to pay any judgment up to the limits of coverage, it nonetheless had a greater duty to defend the claim, the duty to defend being greater than the duty to pay.

**TWENTIETH:**    That by reason of third party defendant's breach of its duties and obligations under the aforesaid policy, third party defendant is obligated to pay all of third party plaintiff's costs in defending this action as well as all reasonable costs in bringing this third party declaratory judgment action.

**WHEREFORE**, defendant-third party plaintiff U.A. Trucking, Inc, demands judgment against third party defendant, Lincoln General Insurance Company and seeks a declaration that it is obligated under its policy of insurance to not only defend the action brought by CNA Insurance Company a/s/o Corning Inc., that it pay all damages awarded

against UA Trucking Inc. up to the limit of its coverage, that it be responsible to pay all

legal expenses incurred by defendant-third party plaintiff in defending the action brought

by CNA Insurance Company and all sums incurred by third party plaintiff in brining this

third party action and in the event this Court or a jury determines that third party

defendant's actions were willful and contumacious, that punitive damages be also awarded,

together with such other and further relief as to this Court may deem just and proper.


Dated: New York, NY
       January 17, 2008


               Yours, etc.
               Palmeri and Gaven

               By

                     John J. Palmeri (5818)
               Attorneys for Defendant-
               Third Party Plaintiff
               U.A. Trucking Inc.
               80 Maiden Lane
               New York, NY 10038
               (212)608-1717

EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
*Attorneys for Plaintiff*
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CIV 6346

----------------------------------------X

CNA INSURANCE COMPANY a/s/o
CORNING, INC.

            Plaintiff,

    - against -

TRANSPORTATION RESOURCES INC. and
U.A. TRUCKING INC.

           Defendants.

----------------------------------------X

07 Civ.

**COMPLAINT**



    Plaintiff, CNA Insurance Company, as the subrogated insurer of Corning, Inc., by

its attorneys, McDermott & Radzik, LLP, alleges upon information and belief as follows:

    FIRST:  This action arises from the carriage of goods in interstate commerce and

is governed by federal common law and federal statutes including the 1906 Carmack

Amendment to the Interstate Commerce Act of 1887, *see* Act of June 29, 1906 Ch. 5591,

34 Stat. 584 (1906) codified at 49 U.S.C. § 11706 and this court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337.

## THE PARTIES

SECOND:  At and during all the times hereinafter mentioned, Plaintiff, CNA Insurance Company ("CNA") was and now is a corporation organized under and by virtue of the laws of one of the States of the United States and has an office and place of business at 40 Wall Street, New York, New York.  CNA was the insurer of the cargo in question and is subrogated to the rights of the cargo owner, Corning, Inc., a New York corporation.

THIRD:  At and during all times hereinafter mentioned, defendant Transportation Resources, Inc. ("TRI") was and is a corporation organized and existing under and by virtue of the laws of the one of the States of the United States.  TRI regularly conducts and systematically transacts business in New York and elsewhere has a registered agent named Sherry McAlpin located at 5331 Maxima Cove W., Memphis, TN 38120.

FOURTH:  At and during all times hereinafter mentioned, defendant U.A. Trucking Inc. ("U.A. Trucking") was and now is a corporation organized and existing under and by virtue of the laws of one of the States of the United States.  U.A. Trucking regularly conducts and systematically transacts business in New York and has an office and place of business located at 1312 Fairwood Drive, Utica, NY  13502.

## AS AND FOR A FIRST CAUSE OF ACTION (Breach of Contract)

FIFTH:  On or about July 14, 2006, at Erwin, New York, there was shipped by Corning, Inc. and delivered to Defendants as common carriers, a shipment consisting of drums of SunSensors Photochromic Monomer, said shipment then being in good order

2

and condition, Defendants then and there accepted said shipments in like good order and condition, and Defendants then and there accepted said shipments and agreed to transport and carry said shipments to Rancho Dominguez, California, and there deliver said shipments in good order and condition as when shipped, delivered to, and received by them to Corning's designated consignee, Island Star Distribution Centers, Inc.

SIXTH:  Thereafter, Defendants failed to make delivery of the shipment in the same good order and condition as received.  To the contrary, at destination plaintiff' shipment was noted to have suffered physical damage by reason of lack of refrigeration and careless handling while in the custody and control of Defendants in violation and breach of Defendants' duties as common carriers of merchandise for hire.

SEVENTH: Plaintiff has performed all conditions on its part to be performed.

EIGHTH:  Plaintiff brings this action on its own behalf as the subrogated insurer of the shipments and as agent and trustee on behalf of, and for the interest of, all parties who may become interested in said shipments as their respective interests may appear, and Plaintiff is entitled to maintain this action.

NINTH:  By reason of Defendants' breach of their duties as common carriers, Plaintiff has sustained monetary damages, as nearly as now can be estimated, no part of which has been paid, although duly demanded, in the aggregate amount of $571,340.00.

3

## AS AN FOR A SECOND CAUSE OF ACTION (Bailment)

TENTH: Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST through ELEVENTH" of this Complaint with the same force and effect as if fully set forth herein.

ELEVENTH: On or about July 14, 2006, at Erwin, New York, Defendants received Corning's shipment of drums of SunSensors Photochromic Monomer then being in good order and condition as bailees.

TWELFTH: Thereafter, Defendants failed to preserve Corning's shipment and instead allowed said shipment to become damaged in breach of Defendants' contractual, common law, and/or implied in-fact duties and obligations as bailees.

THIRTEENTH: By reason of these premises, plaintiff has sustained damages, as nearly as the same now be estimated, no part of which has been paid although duly demanded, in the amount of $571,340.00

## AS AND FOR A THIRD CAUSE OF ACTION (Negligence)

FOURTEENTH: Plaintiff repeats and realleges each and every allegation contained in Paragraphs "FIRST" through "FIFTEENTH" of this Complaint to the same force and effect as if more fully set forth herein.

FIFTEENTH: The damage to Corning's shipment of drums of SunSensors Photochromic Monomer was directly attributable to the negligence, lack of care, and recklessness on the part of the Defendants.

4

SIXTEENTH: By reason of defendants' negligence, lack of care, and recklessness, Plaintiff has suffered damages, as nearly as the same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $571,340.00.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all their assets and property within this District be attached in the sum of $664,670.88, with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action; and

4.    That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated:    New York, New York
          July 11, 2007

                              McDERMOTT & RADZIK, LLP
                              *Attorneys for Plaintiff*


                    BY: _____
                        EDWARD C. RADZIK (ER-2473)
                        Wall Street Plaza
                        88 Pine Street
                        New York, New York  10005-1801
                        (212) 376-6400
                        (FILE: 66-07-62 ECR)

5

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
DEC 17 2007
U.S.D.C. S.D. N.Y.
CASHIERS

CNA INSURANCE COMPANY
A/S/O CORNING, INC.

               Plaintiffs,

    -against-

TRANSPORTATION RESOURCES, INC.
AND U. A. TRUCKING, INC.

               Defendants.

Index No.:07CV6346

**Defendant Demands
Trial By Jury**
07CV6346
**( Judge Koeltl)
ANSWER**

                             X

Defendant, U.A. Trucking, Inc. by its attorneys, Palmeri and Gaven, answering

the complaint of the plaintiff, states as follows:

    **FIRST:**     With respect to paragraph First of the complaint denies knowledge

or information sufficient to form a belief as to the allegations asserted therein.

    **SECOND:**   With respect to paragraph Second of the complaint  denies

knowledge or information sufficient to form a belief as to the allegations asserted

therein.

    **THIRD:**     With respect to paragraph Third of the complaint denies

knowledge or information sufficient to form a belief as to the allegations asserted

therein.

    **FOURTH:**  Admits the allegations contained in paragraph Fourth of the

compliant.

    **FIFTH:**     With respect to paragraph Fifth of the complaint admits that on 7-

14-06 defendant as common carrier picked up a shipment from Corning of SunSensors

Photochromic Monomer, agreed to and did ship them to Corning's consignee, Island

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

CNA INSURANCE COMPANY
A/S/O CORNING, INC.

                   Plaintiffs,

   -against-

TRANSPORTATION RESOURCES, INC.
AND U. A. TRUCKING, INC.

                   Defendants.

_____X

Index No.:07CV6346

**Defendant Demands**
**Trial By Jury**
07CV6346
( Judge Koeltl)
**ANSWER**

     Defendant, U.A. Trucking, Inc. by its attorneys, Palmeri and Gaven, answering the complaint of the plaintiff, states as follows:

     **FIRST:**     With respect to paragraph First of the complaint denies knowledge or information sufficient to form a belief as to the allegations asserted therein.

     **SECOND:**     With respect to paragraph Second of the complaint denies knowledge or information sufficient to form a belief as to the allegations asserted therein.

     **THIRD:**     With respect to paragraph Third of the complaint denies knowledge or information sufficient to form a belief as to the allegations asserted therein.

     **FOURTH:**     Admits the allegations contained in paragraph Fourth of the compliant.

     **FIFTH:**     With respect to paragraph Fifth of the complaint admits that on 7-14-06 defendant as common carrier picked up a shipment from Corning of SunSensors Photochromic Monomer, agreed to and did ship them to Corning's consignee, Island

Star Distribution Centers, Inc. in Rancho Dominguez, California, and denies knowledge

or information sufficient to form in belief as to the remainder of said paragraph.

    **SIXTH:**    Denies the allegations contained in paragraph Sixth of the

complaint.

    **SEVENTH:** Denies that allegations contained in paragraph Seventh of the

complaint.

    **EIGHTH:**    With respect to paragraph Eighth of the complaint denies

knowledge or information sufficient to form a belief as to the allegations contained

therein.

    **NINTH:**    Denies that allegations contained in paragraph Ninth of the

complaint.

    **TENTH:**    With respect to paragraph Tenth and Fourteenth repeats, reiterates

and realleges each and every denial with the same force and effect as if the same were

more fully set forth at length herein.

    **ELEVENTH:**    With respect to paragraph Eleventh of the complaint admits

receiving Corning's product on 7-14-06 but denies knowledge or information suffieinct

to form a belief as the remaining allegations contained therein.

    **TWELFTH:**    Denies the allegations contained in paragraph Twelfth of the

complaint.

    **THIRTEENTH**:    Denies the allegations contained in paragraph Thirteenth of

the complaint.

    **FOURTEENTH:**    Denies the allegations contained in paragraph Fourteenth of

the complaint.

**FIFTEENTHH:**    Denies the allegations contained in paragraph Sixteenth of

the complaint.

## AS AND FOR A FIRST
## AFFIRMATIVE DEFENSE

**SIXTEENTH:**    U. A. Trucking Inc. is not responsible for any damage to the

plaintiff's subrogor caused by the improper loading of the plaintiff's subrogor's product.

## AS AND FOR A SECOND
## AFFIRMATIVE DEFENSE

**SEVENTEENTH:**    If the shipment suffered any loss, damage or delay, which is

hereby denied, such loss, damage or delay was caused by parties over whom UA Trucking

Inc. had no control.

## AS AND FOR A THIRD
## AFFIRMATIVE DEFENSE

**EIGHTEENTH:**    To the extent that plaintiff failed to meet the minimum filing

requirements of filing a proper written claim within the time prescribed, this lawsuit is time

barred.

## AS AND FOR A FOURTH
## AFFIRMATIVE DEFENSE

**NINETEENTH:**    To the extent that plaintiff failed to file suit within the period

prescribed, this lawsuit is time barred.

## AS AND FOR A FIFTH
## AFFIRMATIVE DEFENSE

**TWENTIETH:**    In the event that said shipment moved subject to any statutory or contractual limitations of liability, either specifically agreed to orally or in writing or contained in any applicable tariffs and/or governing publications, the plaintiff may not recover in excess of such limitations.

### AS AND FOR A SIXTH
### AFFIRMATIVE DEFENSE
### AND SET OFF

**TWENTY-FIRST:** Plaintiff's subrogor was aware that U.A. Trucking Inc. had only $100,000 in collectible insurance and had agreed to limit its shipments to a sum not to exceed $100,000.

**TWENTY-SECOND:**    That plaintiff's subrogor in breach of said agreement gave shipment to U. A. Trucking Inc. in excess of $100,000.

**TWENTY-THIRD:**    That in the event it is determined that plaintiffs's loss exceeds $100,000, plaintiff is restricted to up to $100,000 for its damages.

### AS AND FOR A CROSS CLAIM AGAINST
### TRANSPORTATION RESOURCES INC.

**TWENTY-FOURTH:**    That at all times hereinafter mentioned Transportation Resources, Inc. ("TRI") was and continues to be a broker for the shipment of goods and that for a good and valuable consideration it contracts with consignors, such as plaintiff's subrogor herein, and hires carriers such as defendant, U A. Trucking Inc. to pick up and deliver the goods pursuant to bills of lading and similar documents.

**TWENTY-FIFTH:**    As part of its function as broker it is obligated to be aware of the goods being shipped, the value of said goods, and whether said goods need

refrigeration and at what temperatures.

TWENTY-SIXTH:    That part of its obligation to its shippers, such at U.A.

Trucking, Inc. is to limit its shippers exposure in the event of loss.

TWENTY-SEVENTH:    That TRI was aware that U. A. Trucking Inc. is to limit

its shippers exposure in the event of loss.

TWENTY-EIGHT:    That TRI knew or should have known that the shipments

that it contracted to deliver vastly exceeded the $100,000 limitation in U. A. Trucking

Inc.'s policy of insurance and TRI was duty bound as a fiduciary for U.A. Trucking, Inc.

to reject all shipments with a value of over $100,000.

TWENTY-NINE:    That in that event that plaintiff recovers any sums against, U.

A. Trucking Inc. in excess of $100,000 that TRI be obligated to reimburse UA Trucking

Inc. for any sums together with interest, costs, disbursements and reasonable attorneys fees.

## AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANT TRANSPORTATION RESOURCES INC.

THIRTIETH:    That if the plaintiffs' subrogor suffered damages as alleged in

the complaint herein, such damages were caused in whole or part, by the carelessness,

negligence, acts and/or omissions of the co-defendant, its agents, servants, and /or

employees, and not by any carelessness, negligence, acts, or omissions of U. A. Trucking,

Inc. and that by reason of the foregoing, if, in the event plaintiff as subrogees of Corning

Inc. recovers any sums against U.A. Trucking Inc. then this defendant will be entitled to

contribution and/or indemnification either implied in law or contractually from

Transportation Resources, Inc. for the full amount of any such sum or judgment.

**WHEREFORE**, the defendant, U.A. Trucking Inc. demands judgment dismissing the action, and in the event that judgment is rendered against it, that it have judgment over and against the co-defendants Transportation Resources, Inc. on the basis of breach of contract, contribution and/or indemnification, breach of fiduciary duty together with costs, disbursement and reasonable attorney's fees.

Dated:      New York, NY

Dec. 14, 2007

Yours, etc.
Palmeri & Gaven

By _____
John J. Palmeri (5818)
Attorneys for Defendant
U.A. Trucking Inc.,
80 Maiden Lane
New York, New York 10038
(212) 608-1717

DEFENDANT, UA TRUCKING INC. DEMANDS TRIAL BY JURY

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X

CNA INSURANCE COMPANY
A/S/O CORNING, INC.

               Plaintiffs,

-against-

TRANSPORTATION RESOURCES, INC.
AND U. A. TRUCKING, INC.

               Defendants.
-------------------------------------------------X

Index No.:07CV6346

**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

**Catherine C. Burrell** , being duly sworn, deposes and says: That deponent is not a party to this action, is over 18 years of age and resides at **Staten Island, New York**. That on December 14th 2007 deponent served the **DEFENDANT'S ANSWER** on: McDermott and Radzik Esq., Attorneys for Plaintiff, 88 Pine St. 21st. Floor New York, NY 10005 and Barry N. Gutterman and Associates, Esqs. Attorneys for Defendant, Transportation Services, Inc., 60 East 42nd St. 46th Floor , New York, NY 10165 by depositing a true copy enclosed in a first class postpaid wrapper, addressed to the address designated by a person for that purpose, or, if none is designated, at the person's last known address, in a post office or official depository under the exclusive care and custody of the United States Postal Service within the state, respectively, in compliance with CPLR § 2103(b)(2).

                                     _____
                                     **CATHERINE C. BURRELL**

Sworn to before me this
14th Day of December, 2007

_____
NOTARY PUBLIC

NOTARY PUBLIC, STATE OF NEW YORK
NO. C...
QUALIFIED IN R... COUNTY
TERM EXPIRES J... 20, 20 //

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CNA INSURANCE COMPANY
A/S/O CORNING, INC.

                  Plaintiffs,

    -against-

TRANSPORTATION RESOURCES, INC.
AND U. A. TRUCKING, INC.

                  Defendants.

07CV6346
(Judge Koeltl

---------------------------------------------------------------X

## DEFENDANT'S ANSWER

**PALMERI & GAVEN, ESQS.**
Attorneys for Defendant
80 Maiden Lane
New York, NY 10038
(212) 608-1717

Exhibit C - 1

Barry N. Gutterman, Esq. (BG6410)
Robert Briere Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Transportation Resources, Inc.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CNA INSURANCE COMPANY, a/s/o CORNING, Inc. | **ECF Case** |
| Plaintiff | **07 CV 6346 (Judge Koeltl)** |
| v. | |
| TRANSPORTATION RESOURCES, INC. and U.A. TRUCKING, INC. | |
| Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANT TRANSPORTATION
### RESOURCES, INC. AND CROSS-CLAIMS

Defendant, Transportation Resources, Inc. ("TRI"), by its attorneys, Barry N. Gutterman
& Associates, P.C., answering the Complaint, alleges upon information and belief as follows:

1.     TRI denies knowledge or information sufficient to admit or deny the allegations
contained in paragraph 1 of the Complaint, and therefore denies same and leaves
plaintiff to its proof.

2.     TRI denies knowledge or information sufficient to admit or deny the allegations
contained in paragraph 2 of the Complaint, and therefore denies same and leaves
plaintiff to its proof.

3.     TRI admits the allegations contained in paragraph 3 of the Complaint.

4.     TRI denies knowledge or information sufficient to admit or deny the allegations
contained in paragraph 4 of the Complaint, and therefore denies same and leaves
plaintiff to its proof.

5.     TRI admits the allegation that there was as shipment of drums by Corning, Inc. on

or about July 14, 2006 at Erwin, New York, but denies that TRI acted as a common carrier, and denies knowledge or information sufficient to admit or deny the remaining allegations in paragraph 5 of the Complaint and therefore denies same and leaves plaintiff to its proof.

6.  TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

7.  TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

8.  TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

9.  TRI denies the allegations contained in paragraph 9 of the Complaint.

10. TRI repeats and realleges its responses to paragraphs 1-9 of the Complaint as its response to paragraph 10.

11. TRI denies knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies same and leaves plaintiff to its proof.

12. TRI denies the allegations contained in paragraph 12 of the Complaint.

13. TRI denies the allegations contained in paragraph 13 of the Complaint.

14. TRI repeats and realleges its responses to paragraphs 1-13 of the Complaint as its response to paragraph 14.

15. TRI denies the allegations contained in paragraph 15 of the Complaint.

16. TRI denies the allegations contained in paragraph 16 of the Complaint.

## AS AND FOR A
## FIRST AFFIRMATIVE DEFENSE

17. TRI is not responsible for any damage to the shipment caused by the improper

loading of plaintiff.

2

**AS AND FOR A**
**SECOND AFFIRMATIVE DEFENSE**

18.    TRI has no liability to plaintiff as TRI acted only as property broker with regard to

the shipment.

**AS AND FOR A**
**THIRD AFFIRMATIVE DEFENSE**

19.    If the shipment referred to in the Complaint suffered any loss, damage, or delay,

which is herein expressly denied, such loss, damage or delay was caused by

parties over whom TRI had no control.

**AS AND FOR A**
**FOURTH AFFIRMATIVE DEFENSE**

20.    To the extent that plaintiff failed to meet the minimum filing requirements of

filing a proper written claim within the time prescribed, this lawsuit is time

barred.

**AS AND FOR A**
**FIFTH AFFIRMATIVE DEFENSE**

21.    To the extent that plaintiff failed to file suit within the period prescribed, this

lawsuit is time barred.

**AS AND FOR A**
**SIXTH AFFIRMATIVE DEFENSE**

22.    In the event that said shipment moved subject to any statutory or contractual

limitations of liability, either specifically agreed to or contained in any applicable

tariffs and/or governing publications, the plaintiff may not recover in excess of

such limitations.

3

## AS AND FOR A
## SEVENTH AFFIRMATIVE DEFENSE

23.    The Complaint fails to state a claim against TRI upon which relief can be granted.

## CROSS-CLAIMS AGINAST CO-DEFENDANT U.A. TRUCKING, INC.

TRI, as and for cross-claims against co-defendant U.A. Trucking, Inc. ("UA"), alleges as follows:

## FIRST COUNT

### (Contribution)

1.    TRI, while denying liability, asserts that any liability, fault or negligence is that of co-defendant U.A. and that the liability of co-defendant is primary, thus giving rise to a duty on the part of said co-defendant to hold TRI harmless and to indemnify TRI from any loss herein and/or contribute to any judgment in favor of plaintiff.

## SECOND COUNT

### (Indemnification)

2.    By reason of the contractual and/or legal relationship between TRI and co-defendant U.A., said co-defendant is obligated to defend, indemnify and save harmless TRI with respect to the matters alleged in the Complaint.

Wherefore, defendant Transportation Resources, Inc., hereby demands judgment:

(A)    Dismissing the Complaint against it, with prejudice, together with attorneys fees and costs;

(B)    For contribution and/or indemnification against co-defendant U.A. Trucking, Inc. for any and all sums that may be adjudged against Transportation Resources, Inc. in favor of plaintiff, together with attorneys fees and costs;

(C)    For such other and further relief as the Court may deem just and proper.

4

Dated: New York, New York
October 1, 2007

By:     /s/ Barry N. Gutterman
        Barry N. Gutterman, Esq. (BG6410)
        Robert Briere, Esq. (RB6080)
        Barry N. Gutterman & Associates, P.C.
        60 East 42nd Street, 46th Floor
        New York, New York  10165
        Phone: (212) 983-1466
        Fax: (212) 983-1229

        Attorneys for Defendant
        Transportation Resources, Inc.

To:     Edward C. Radzik, Esq. (ER-2473)
        McDermott & Radzik, LLP
        Wall Street Plaza
        88 Pine Street – 21st Floor
        New York, New York 10005-1801
        (212) 376-6400

        Attorneys for Plaintiff

        Richard L. Furman, Esq.
        DeOrchis Wiener & Partners, LLP
        61 Broadway, Suite 2600
        New York, New York, 10006-2802
        Phone (212) 344-4700

        Attorney for U.A. Trucking, Inc.

TR.2801.AAD

5

Answers to Complaints 346-JGK    Document 15    Filed 01/17/2008    Page 28 of 29
1:07-cv-06346-JGK CNA Insurance Company v. Transportation Resources Inc. et al
ECF

## U.S. District Court

### United States District Court for the Southern District of New York

**Notice of Electronic Filing**

The following transaction was entered by Gutterman, Barry on 10/1/2007 at 11:18 AM EDT and filed on 10/1/2007

**Case Name:**      CNA Insurance Company v. Transportation Resources Inc. et al
**Case Number:**    1:07-cv-6346
**Filer:**      Transportation Resources Inc.
**Document Number:** 7

**Docket Text:**
ANSWER to Complaint., CROSSCLAIM against U.A. Trucking Inc.. Document filed by Transportation Resources Inc..(Gutterman, Barry)

**1:07-cv-6346 Notice has been electronically mailed to:**

Richard Leigh Furman      rfurman@marinelex.com

Barry Neil Gutterman      bngassc@aol.com

Edward C. Radzik      eradzik@mcdermottradzik.com

**1:07-cv-6346 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=10/1/2007] [FileNumber=3853420-0
] [02f9cc783ff013b4d29e3c7e3f6e7f8281d360037bcbdb537d476bbf08472ad40f8
dfbd9211732ef1f59bcf8ba459310af07e8d5aec6233c6a266dd3c9aef466]]

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CNA INSURANCE COMPANY
A/S/O CORNING, INC.

                              Plaintiffs,

        -against-
                                                    **07CV 6346**
                                                    (Judge Koeltl)

TRANSPORTATION RESOURCES, INC.
AND U. A. TRUCKING, INC.

                              Defendants.

U. A. TRUCKING, INC.
                              Third Party Plaintiff,


        -against-

LINCOLN GENERAL INSURANCE COMPANY

                              Third Party Defendant.


## THIRD PARTY SUMMONS AND COMPLAINT


**PALMERI & GAVEN, ESQS.**
Attorneys for Defendant-
Third Party Plaintiff
U. A. Tucking Inc.
80 Maiden Lane
New York, NY 10038
(212) 608-1717