UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CNA INSURANCE COMPANY
a/s/o CORNING, INC.,                          Docket No.: 07 CV 6346

         Plaintiff,    **ANSWER TO**
  -against-                          **THIRD-PARTY**
                                              **COMPLAINT**
TRANSPORTATION RESOURCES, INC.                (Judge Koeltl)
And U.A. TRUCKING, INC.,
                                              **THIRD-PARTY DEFENDANT**
        Defendants.     **DEMANDS TRIAL BY JURY**
-------------------------------------------------------------------x
U.A. TRUCKING, INC.,

       Third-Party Plaintiff,

  -against-

LINCOLN GENERAL INSURANCE COMPANY,

       Third-Party Defendant.
-------------------------------------------------------------------x

**C O U N S E L O R S :**

  The third-party defendant, LINCOLN GENERAL INSURANCE COMPANY, ("LINCOLN GENERAL") by its attorneys, Litchfield Cavo LLP, answering the third-party complaint, herein upon information and belief:

  1. Admits paragraphs "FIRST", "THIRD" AND "FOURTH".

  2. Denies each and every allegation contained in the paragraph of the third-party complaint numbered "SECOND", but admits LINCOLN GENERAL is a corporation organized under the laws of the State of Pennsylvania.

  3. As to the allegations in paragraph numbered "FIFTH" of the third-party complaint, third party defendant denies the allegations contained therein, except that a policy was issued to U.A. Trucking, policy number PAP 235070-0805, in effect from 08/02/05 to 08/02/06.

4.  As to the allegations in paragraph numbered "SIXTH" of the third-party complaint, third party defendant denies the allegations therein and alleges coverage was pursuant to the specific terms and conditions of the policy, # PAP 235070-0805.

5.  Denies any knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs of the Complaint numbered "SEVENTH", "EIGHTH" and "NINTH".

6.  As to the allegations in paragraph numbered "TENTH" of the third-party complaint, third party defendant admits that Lincoln General timely declined coverage to U.A. Trucking for the alleged loss, pursuant to the applicable policy.

7.  Denies each and every allegation contained in the paragraphs of the complaint numbered "ELEVENTH", "TWELFTH", THIRTEENTH" and "FOURTEENTH".

## AS TO THE FIRST CAUSE OF ACTION

8.  Answering defendant repeats each and every denial to each and every allegation of the Complaint which is re-alleged in the paragraph numbered "FIFTEENTH" thereof as herein before denied.

9.  Denies each and every allegation contained in the paragraphs of the complaint numbered "SIXTEENTH" and "SEVENTEENTH".

## AS TO THE SECOND CAUSE OF ACTION

10. Answering defendant repeats each and every denial to each and every allegation of the Complaint which is re-alleged in the paragraph numbered "EIGHTEENTH" thereof as herein before denied.

11. Denies each and every allegation contained in the paragraphs of the complaint numbered "NINETEENTH" and "TWENTIETH".

## FIRST AFFIRMATIVE DEFENSE

12. Third-Party Plaintiff's complaint is barred to the extent it fails to plead sufficient facts to state a claim upon which relief can be granted against Lincoln General.

## SECOND AFFIRMATIVE DEFENSE

13. Third-Party Plaintiff's cause of action may be barred by the equitable doctrine of laches, waiver, estoppel, and/or the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

14. Third-Party Plaintiff's complaint may be barred by the applicable Statute of Limitations.

## FOURTH AFFIRMATIVE DEFENSE

15. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent there was a negligent or intentional failure to disclose, and/or a negligent or intentional concealment, misrepresentation or omission of, facts material to the risks at issue.

## FIFTH AFFIRMATIVE DEFENSE

16. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent there has not been loss to covered property within the meaning of Lincoln General's policy and/or to the extent any loss referred to in the Third-Party Plaintiff's Complaint occurred prior to the inception of or after the expiration of the Lincoln General policy period.

## SIXTH AFFIRMATIVE DEFENSE

17. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent there is no "occurrence" as that term is defined in the Lincoln General policy.

## SEVENTH AFFIRMATIVE DEFENSE

18. There is no coverage for the underlying claims against U.A. TRUCKING under the

Lincoln General Policy to the extent that such underlying claims arose out of intentional, willful, wanton, reckless, or grossly negligent conduct, or conduct in violation of public policy or in violation of federal, state, or local law or statute, by the Plaintiff, Third-Party Plaintiff or others from whom they claim to have acquired rights.

### EIGHTH AFFIRMATIVE DEFENSE

19. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent U.A. TRUCKING seeks coverage for claims for equitable or injunctive relief.

### NINTH AFFIRMATIVE DEFENSE

20. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy as a matter of public policy to the extent U.A. TRUCKING seeks coverage for fines, penalties, and/or punitive or exemplary damages.

### TENTH AFFIRMATIVE DEFENSE

21. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent that U.A. TRUCKING has failed to give timely and/or proper notice to Lincoln General in accordance with the terms and conditions of the Lincoln General Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

22. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent there has been a failure to assist or otherwise cooperate with Lincoln General, a failure to provide information/documentation when requested, and/or a failure to otherwise perform all obligations and conditions under the Lincoln General Policy.

### TWELFTH AFFIRMATIVE DEFENSE

23. There is no coverage for the underlying claims against U.A. TRUCKING under the

Lincoln General Policy to the extent Plaintiff seeks coverage for claims which fall within the following exclusion contained in the Lincoln General policy:

> PERILS EXCLUDED
>
> 2. "We" do not pay for loss or damage if one or more of the following exclusions apply to the loss.
>
>   a. Contamination or Deterioration – "We" do not pay for loss caused by contamination, deterioration including corrosion; decay; fungus; mildew; old; rot; rust; or any quality, fault or weakness in the covered property that causes it to damage or destroy itself.
>
>   g. Temperature/Humidity – "We" do not pay for loss caused by humidity, dampness, dryness, or changes in or extremes of temperature.

## THIRTEENTH AFFIRMATIVE DEFENSE

24. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent Plaintiff seeks coverage for claims which fall within the following provision contained in the Lincoln General policy:

> Refrigeration Breakdown – When the refrigeration or heating unit of a vehicle transporting covered property has a sudden or accidental breakdown or malfunction, "we" cover direct physical loss to covered property caused by spoilage or contamination including decay, fungus, mildew, mold, or rot.
>
> "We" do not pay for loss caused by breakdown or malfunction that results from the failure to maintain adequate fuel levels for the refrigeration or heating unit.

During Lincoln General's investigation of the claim at issue, no evidence was presented by UA TRUCKING that the refrigeration unit of the subject vehicle had a sudden or accidental breakdown or malfunction.

## FOURTEENTH AFFIRMATIVE DEFENSE

25. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent the losses or obligations for which they seek coverage have not been finally determined either by judgment against the Plaintiff after trial or by a written agreement

involving the claimant, the Plaintiff and Lincoln General.

### FIFTEENTH AFFIRMATIVE DEFENSE

26. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy to the extent there has been a failure to mitigate, minimize or avoid any damage or harm to any underlying claimant, a failure to mitigate, minimize or avoid any harm, injury or damage, and/or a failure to mitigate, minimize or avoid liabilities.

### SIXTEENTH AFFIRMATIVE DEFENSE

27. Plaintiff's cause of action is subject to dismissal to the extent there is no actual or justiciable controversy involving the Lincoln General Policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff's complaint may be barred to the extent that the applicable primary policies, umbrella policies and excess policies which are below the attachment point of the Lincoln General policy have not yet been exhausted by U.A. Trucking's claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff's cause of action may be barred and/or limited to the extent Plaintiff, or others from whom they claim to have acquired rights, have made payments, assumed liabilities or obligations, incurred expenses, or entered into settlements, without the express consent or agreement of Lincoln General.

### NINETEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's cause of action may be barred and/or limited to the extent Plaintiff, or others from whom they claim to have acquired rights, have settled, released, compromised, destroyed, lost, interfered with, diminished, or otherwise impaired Lincoln General's subrogation rights.

## TWENTIETH AFFIRMATIVE DEFENSE

31. There is no coverage for the underlying claims against U.A. TRUCKING under the Lincoln General Policy under the doctrine of known risk to the extent that Plaintiff, or others from whom it claims to have acquired rights, knew or should have known, prior to the inception of the Lincoln General Policy, of the existence of, or potential for, occurrences, claims or suits for which they now seek coverage.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

32. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy under the doctrine of "loss in progress" to the extent the claims at issue involve injury that had already begun prior to the inception of the Lincoln General Policy.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

33. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent that the U.A. Trucking seeks coverage for liabilities that are not within the meaning of "ultimate net loss" as that term as used by the Lincoln General Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

34. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent that U.A. Trucking seeks coverage for expenses when such expenses are included in other valid and collectible insurance.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

35. There is no coverage for the underlying claims, in whole or in part, against U.A. Trucking under the Lincoln General Policy to the extent U.A. Trucking seeks coverage for liabilities that were acquired by contract or agreement after the Lincoln General Policy had already expired.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

36. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy due to the existence of other insurance.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

37. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent U.A. Trucking must assume responsibility or liability for periods of self-insurance and/or retentions and deductibles.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

38. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy in that Lincoln General's Policy is not required to drop down or provide coverage in place of any insurer which has become insolvent or any policy which has become invalid, uncollectible, or otherwise unavailable through insolvency or otherwise.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

39. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy by virtue of the per occurrence limits and/or the aggregate limits applicable the Lincoln General Policy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

40. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent Plaintiff fails to sustain their burden of proving the terms and conditions of the Lincoln General Policy.

### THIRTIETH AFFIRMATIVE DEFENSE

41. There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent U.A. Trucking, or others from whom they claim to have acquired rights,

have improperly allocated the claims at issue to certain policy periods, and/or have improperly applied an aggregate limit, and/or have improperly purported to have exhausted the limits of any applicable primary, umbrella or excess policies which are underlying the attachment point of the Lincoln General policy.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

42.     There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy to the extent there has been a failure to maintain in force, or a failure to maintain at adequate levels, primary, umbrella or excess policies underlying the attachment point of the Lincoln General Policy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

43.     There is no coverage for the underlying claims against U.A. Trucking under the Lincoln General Policy by the terms, conditions, exclusions and other provisions of policies to which the Lincoln General policy follows form, and Lincoln General hereby reserves its right to rely upon any and all defenses that exist by virtue of such other terms, conditions, exclusions and provisions.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

44.     Because Plaintiff's Complaint is vague, ambiguous, and does not adequately describe the underlying claims with sufficient particularity to enable Lincoln General to determine all of its applicable defenses, Lincoln General hereby reserves its right to assert any and all additional defenses in the future.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

45.     Plaintiff and/or Third-Party plaintiff has failed to include all parties who are necessary to this action.

**WHEREFORE,** third-party defendant demands against third-party plaintiff dismissing the third-party complaint awarding Lincoln General fees and costs of suit together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
March 7, 2008

                                            Respectfully submitted,

                                            LITCHFIELD CAVO LLP

By:   /s/ Vincent J. Velardo
        Vincent J. Velardo (VV 7047)
        420 Lexington Avenue, Suite 2104
        New York, New York 10170
        (212) 434-0100
        *Attorneys for Third-Party Defendant*

TO:
PALMERI & GAVEN
80 Maiden Lane
New York, New York 10038
(212) 608-1717
*Attorneys for Defendant/Third-Party Plaintiff*
*U.A. Trucking Inc.*

MCDERMOTT & RADZIK, LLP
88 Pine Street
New York, New York 1005
(212) 376-6400
*Attorneys for Plaintiff*

BARRY N. GUTTERMAN & ASSOCIATES, P.C.
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1366
*Attorneys for Defendant*
*Transportation Resources, Inc.*